## Krull's Estate.

*Jurisdiction, O. C.—Petition for account by one in possession of real estate where title is involved.*

Where it appears from the petition for a citation upon one in possession of real estate to file an account of rents as testamentary trustee, and from the will upon which the petition is based, that both the petitioner and the respondent claim to be owners of the property, their respective claims being dependent upon the construction of the will, the petition will be dismissed on the ground of want of jurisdiction in the Orphans' Court, and the parties remitted to their remedy in the Court of Common Pleas.

Petition for an account and answer. O. C. Phila. Co., Oct. T., 1922, No. 647.

Henry Krull died in Philadelphia on May 29, 1920, leaving a will duly admitted to probate July 28, 1920, by which he appointed his widow, Anna Krull, and his son, Albert G. Krull, executors. Anna Krull renounced and Albert G. Krull qualified and took possession of decedent's real estate.

Krull's Estate.

By the 6th item of the will, decedent disinherited his son, Henry Krull, Jr., and by the 7th, he directed that if the said son, when he arrived at the age of fifty, had changed his method of living and had become a better man, in the discretion of his executors, then, and in that event, he devised to him property No. 439 George Street; if he should not deserve this, the property was to revert back to the residuary estate and be divided between his (testator's) children, Martha and Albert G. Krull, share and share alike.

Henry Krull, Jr., died Oct. 13, 1918, at the age of forty, leaving a widow and three children surviving him; the oldest, Anna, was of age and was the petitioner. The petitioner contended that Henry Krull, Jr., having died under fifty, title to No. 439 George Street vested in his three children under the will. The answer of Albert G. Krull set up that, under said Item 7 of the will, there was a gift in fee to Albert G. Krull and his sister Martha, for the reason that title never vested in Henry Krull, Jr., or his children by virtue of the power vested in the executors; and that they (Albert G. and Martha) were also entitled to the income and profits from the said premises, and, therefore, not obligated to account to the children of Henry Krull, Jr.

*Carleton B. Webb*, for petitioner.

*Alexander Fried* and *Clinton A. Sowers*, for respondent.

GEST, J., March 21, 1925.—This is the petition of Anna Krull, daughter of Henry Krull, Jr., deceased, who was a son of the testator, praying for a citation directed to Albert G. Krull, as trustee, to file an account of the rents of No. 439 George Street. The answer denies the title of the petitioner, and in effect is a demurrer to the petition.

It does not seem necessary to recite the will of the testator or the facts of the case *in extenso*, inasmuch as it clearly appears that the petitioner claims that she and her brother and her sister are owners of the premises in question as devisees under the will, and the respondent, on the other hand, claims that he and his sister are the owners and devisees thereof, either under paragraph seven or under the residuary clause of the will. We can discover nothing in the will that constitutes the respondent a trustee, and he, therefore, cannot be cited in this court to account as such. Either the children of Henry Krull, Jr., are the owners or the respondent and his sister are the owners of the property. The petitioner's remedy, if the respondent has collected rents that belong to her, is by suit in the Court of Common Pleas, or she may try the title in an action of ejectment. This court has no jurisdiction.

The petition is dismissed.

LAMORELLE, P. J., absent.